IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDMUNDO TELLES

        Plaintiff,

vs.                                                                                                               No. CIV 10-800 LFG

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's "Motion for an Order Authorizing Attorney Fees Under 42 U.S.C. § 406(b), with Supporting Memorandum," filed May 22, 2013. [Doc. 31.] Plaintiff Edmundo Telles ("Telles"), represented by The Martone Law Firm or Attorney Martone, requests an award of attorney's fees in the amount of $12,712.25, in accordance with 42 U.S.C. § 406(b)(1), for legal services rendered before the Court. Defendant filed a response [Doc. 32], declining to assert a position on the reasonableness of Telles's request for attorney's fees because she is not the true party in interest, as the Commissioner has no direct financial stake in response to § 406(b) attorney fee requests. [Id., at 1.] Thus, Defendant neither opposes nor concurs in the fee request. Telles did not file a reply, and the matter is ready for resolution. [Doc. 33.]

**Procedural History**

The Martone Law Firm ("Attorney Martone") represented Telles during his pursuit of disability insurance benefits. On August 20, 2010, Telles filed his original complaint in federal district court. [Doc. 1.] The initial motion to remand was fully briefed. [Docs. 20, 23, 24.] On

October 4, 2011, the undersigned Magistrate Judge granted Telles' motion and remanded the case for additional administrative proceedings. [Doc. 26.] Telles sought and was awarded EAJA attorney fees for that work in the amount of $4,752.45.[1] [Docs. 28-30.]

On remand, the ALJ held a supplemental hearing, and on January 17, 2013, issued a favorable decision for Telles. [Doc. 31, Ex. A.] Telles and his attorneys state that $18,712.25 was withheld pending an award of attorney fees by the Social Security Administration and this Court. [Doc. 31.] Plaintiff's counsel further assert that Telles should receive back benefits in the amount of $74,849.00, or four times the 25% withheld for fees. [Id.]

As compensation for the firm's work at the agency level, Plaintiff's counsel expects to be paid $6,000.00,[2] minus an $88.00 user fee, from withheld back benefits. This payment will be made in accordance with 42 U.S.C. § 406(a) ("fees for representation before Commissioner"). It is separate from the present attorney fee request made under § 406(b) for representation before the Court.

The § 406(b)(1) attorney fee request of $12,712.25 represents 26.95 hours of attorney work. [Doc. 31, Ex. D, Attorney Martone Aff.] Defendant observes that Attorney Martone essentially requests compensation at an hourly rate of $471.00 for his work in the District Court.

---

[1]Should Telles's attorney be awarded fees under § 406(b), Attorney Martone represents that he will refund to Telles the EAJA fees in the sum of $4752.45. [Doc. 31.]

[2]The Commissioner has the authority to increase the maximum amount of attorney fees under 42 U.S.C. § 406(a)(2)(A). The initial maximum amount was $4,000, as set in 1990, and the statute sets out this same figure. Id. Effective June 22, 2009, however, the Commissioner increased the amount to $6,000. Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080-02 (Feb. 4, 2009).

**Legal Standard**

Under § 406(b), the district court is permitted to endorse "a reasonable fee" not in excess of 25% of the past-due benefits awarded to the claimant. 42 U.S.C. § 406(b).

> Whenever a court renders a judgment favorable to a claimant under the subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1). "The tenor of § 406(b) is permissive rather than mandatory. It says that the court may make such an award, not that such an award shall be made." Torres v. Astrue, No. CIV 09-519 JB/RHS [Doc. 34, at 3] (D.N.M. Mar. 5, 2012) (unpublished) (*citing* Whitehead v. Richardson, 446 F.2d 126, 128 (6th Cir. 1971)). In Torres, Judge Browning noted the distinction between § 406(a),[3] where Congress used the word "shall" in terms of fee awards related to proceedings before the commissioner, and § 406(b), where Congress used the word "may" in terms of fee awards related to representation before the court.[4] Judge Browning further observed that "[t]raditionally, an award of attorney's fees is a matter within sound discretion of the court." Id. (citation omitted).

In Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002), the United States Supreme Court held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." Instead, the statutory provision "calls for court review of such arrangements as an independent check to assure that they

---

[3]

[4]"The statute [42 U.S.C. § 406] deals with the administrative and judicial review discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in the court." Gisbrecht v. Barnhart, 535 U.S. at 794.

yield reasonable results in particular cases." Id.  The statute imposes the 25% of past-due benefits limitation on attorney fees as a ceiling, not as a standard to be used to substantiate reasonableness. Id.

In Gisbrecht, the Supreme Court rejected the lodestar method in determining the reasonableness of a fee request under § 406(b).  Instead, the Court looks to the contingent-fee agreement, testing it for reasonableness.  "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is [] in order . . . .  In this regard, the court may require the claimant's attorney to submit . . . a record of the hours spent . . . and a statement of the lawyer's normal hourly billing charge for non-contingent-fee cases . . . ." Id. at 808.  The reasonableness determination is "based on the character of the representation and the results the representation achieved.  Id.  In addition to that already stated, attorney fees may be reduced if the representation is substandard or if the attorney is responsible for delay.

## Fee Request

Attorney Martone's requested attorney fees under § 406(b), in the amount of $12,712.25, represents 16% of Telles's past due benefits. [Doc. 32, at 5.]  Thus, Attorney Martone's requested fee is beneath the 25% cap.

Plaintiff's counsel further contends that the fee request is reasonable under the six factors set out in Blankenship v. Schweiker, 676 F.2d 116, 118 (4th Cir. 1982).  For example, Attorney Martone notes language from Blankenship supporting the position that the 26.95 hours claimed was required.  "[T]he nature of disability cases is repetitive so that the ability and skill of a more experienced attorney would offset the number of hours put in by one who is not familiar with the applicable statutes and regulations." [Doc. 42, at 3-4.]  Martone argues that a review of the total hours expended in this case demonstrates that efficiency. [Id.] (*citing* Blankenship, 676 F.2d at 118).

Plaintiff's counsel also states that while the case was not difficult for an experienced social security disability attorney, the number of hours devoted to the substantive tasks reflects the experience and efficiency of such attorneys, resulting in a decrease of time needed to accomplish the tasks. [Doc. 31, at 4.] Moreover, the fee agreement between Telles and Attorney Martone was contingent upon success, and the total fee agreed to by Telles and requested by counsel does not exceed 25% of the back benefits. The case proceeded very quickly through the United States District Court without delay.

Attorney Martone also identifies several cases where similar fee requests were awarded. [Doc. 31, at 5.]

**Discussion**

In evaluating this case in terms of the Gisbrecht factors, the Court determines that there is no reason to question the character of The Martone Firm's representation of Telles, especially in view of the favorable result for Plaintiff. Unquestionably, The Martone Law Firm has many years of experience in this specialized area of law, and its expertise and efficiency contribute to its success. The fee award requested is beneath the 25% ceiling. There is no evidence that The Martone Law Firm delayed in bringing this case to a close. The award is consistent with the fee agreement in place between Telles and The Martone Law Firm.

For all these reasons, and in view of this Court's previous fee awards, the Court grants Attorney Martone's request in the amount of $12,712.25 for legal services before this Court.

**Conclusion**

For all of the above-stated reasons, Plaintiff's counsel's Motion for an Order Authorizing Attorneys Fees [Doc. 31] is granted, with the result, that The Martone Law Firm is awarded $12,712.25 for legal services and must refund the EAJA fees to Telles.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge